SPITZLEY *v.* RIVARD.

CONTRACTS—LEGALITY—STIFLING BIDDING AT JUDICIAL SALE.

    A contract by which one of the parties agrees to purchase property to be sold on foreclosure of a mechanics' lien in favor of the other, provided he is not obliged to pay more than the amount of the decree, with interest and costs, and in case he does purchase, to give his notes to the other for a certain amount in payment for his interest, to be relieved from his contract in case some one else bids more than the stipulated amount, is, in effect, a contract for the sale of the decree, and is not invalid as designed "to stifle competition in bidding at a public auction."

Error to Wayne; Donovan, J. Submitted January 14, 1908. (Docket No. 51.) Decided May 26, 1908.

Assumpsit by Henry Spitzley and Joseph Spitzley against John Rivard and John William Garrison on a promissory note. There was judgment for defendants, and plaintiffs bring error. Reversed.

*James H. Pound*, for appellants.

*John E. Moloney*, for appellees.

Plaintiffs brought suit upon a promissory note for $1,166.66. The first-named defendant was the maker of the note and the second-named defendant was the indorser. It was claimed by defendants that their signatures were procured by fraud. The issue was tried before a jury and a verdict and judgment rendered in defendants' favor. The transaction out of which the note was given, briefly stated, was as follows: The plaintiffs, contractors and builders in the city of Detroit, made certain improvements upon leasehold property belonging to one Robert Stock. The property was located on the river front and is known as Beller's garden. The owner of the property was Jacob Beller. Beller had leased the property to Stock for several years at an annual rental of about $5,000. Stock failing to pay for making the improvements, plaintiffs instituted mechanics' lien proceedings and obtained a decree in a suit wherein both Stock and Beller were defendants, ordering a sale of the leasehold property by a circuit court commissioner. Before said sale occurred, plaintiffs as parties of the first part entered into an agreement with said defendant Rivard as party of the second part. This agreement, after reciting the facts, proceeded as follows:

"Now, therefore, said parties of the first part hereby agree to have said interest sold by said circuit court commissioner in pursuance of such notice on said 16th day of April, 1904, or at such time as the same may be adjourned

to, and the said John Rivard, party of the second part, hereby agrees to bid off such interests, provided, however, he shall not be compelled to bid to exceed the amount of the decree in said case, viz., $4,357, with the costs of suit, costs of sale, and interest added.

"And if said party of the second part does purchase such interests, he is to pay to the parties of the first part the sum of $3,500 for their interest in the same. Said amount of $3,500 is to be paid in three payments, $1,166.66 each, the first payment to be made on or before June 20th, 1904, the second payment to be made on or before July 20th, 1904, and the third and last payment to be made on or before August 20th, 1904. All such sums are to bear interest at the rate of six per cent.

"Said party of the second part is to give three notes to evidence and secure the payment of said sum of $3,500.00, said notes to be payable respectively as above specified, and to be indorsed by John William Garrison.

"It is further agreed that said notes shall be deposited in the Union National Bank of Detroit, with the cashier of said bank, Louis C. Sherwood, to be delivered to the said parties of the first part, or their attorney, as soon as the said Rivard, party of the second part, shall be given possession of said premises, by virtue of such sale. And if said Rivard shall refuse or fail to purchase said premises at said sale, then said notes are to belong to said parties of the first part, and are to be turned over to them, but in case some person shall bid more than the amount due to the parties of the first part, under and by virtue of said decree, including interest and costs, then said party of the second part is not to be obliged to purchase said premises, if he does not wish so to do, and in case he does not, then said notes are to be returned to said party of the second part."

The notes referred to in said agreement were given. One of those is the note in suit. Before the contract was signed, full opportunity was afforded Rivard to examine the terms of the decree, and the lease given by Beller to Stock which was a part thereof. Rivard did refuse to purchase said premises at said sale and plaintiff brought this suit.

CARPENTER, J. (*after stating the facts*). The ve

dict of the jury was based upon the ground that the signature of defendant Rivard to the note and contract was procured by fraud. It is contended that there was no evidence of fraud, and the jury should therefore have been directed to return a verdict in plaintiffs' favor. A careful examination of the record convinces us that this contention is well taken. No testimony is pointed out, and we can discover no testimony from which it can be legitimately inferred, that Rivard was deceived by any false statement made by plaintiffs or by plaintiffs' agents. It would seem from the testimony of defendant himself that the ground upon which he refused to proceed was an unwarranted exaction of Mr. Beller. It is scarcely necessary to say that this afforded no justification.

In support of the judgment in favor of his clients in the court below, defendants' counsel urged that the agreement in question was void on the ground of public policy, because it was designed "to stifle competition in bidding at a public auction." In support of this contention numerous cases are cited. We refrain from discussing them. None of them have any application. On principle it cannot be said that the arrangement had any tendency to stifle competition or to injuriously affect any one interested in the property or any one contemplating bidding at the sale. The transaction in question was in the nature of a contract for the sale of the decree. Indeed, it would be quite correct to say that when you deny the application of the authorities relied on by defendant—and we do deny their application—his position can be sustained only by deciding that an absolute sale of the decree is void because it tends to stifle competition. No such proposition of course is insisted upon; no such proposition is tenable. It is clear to us, therefore, that the contract is not open to the objection under consideration.

The judgment is reversed, and a new trial ordered.

GRANT, C. J., and BLAIR, MOORE, and MCALVAY, JJ., concurred.